OPINION OF THE COURT
Richard D. Huttner, J.
The petitioner obtained a judgment in this court on July 13, 1981, representing support arrears, against her husband, the respondent. Thereafter, on October 15,1981, the respondent husband, in compliance with an order of this court, gave an undertaking pursuant to section 471 of the Family Court Act by depositing cash with the clerk of the court.
In order to satisfy her judgment, the petitioner wife now seeks a court order releasing the corpus of the undertaking fund to her. Petitioner argues that she is equitably entitled to the fund either by execution or court order, because the undertaking is established exclusively for her benefit. Whether or not this relief is available to petitioner appears to be a question of first impression in this State.
An examination of section 471 of the Family Court Act reveals that an undertaking is made to assure the payment of support in accordance with the terms of the support order. It is a deposit that must remain undiminished as long as the respondent complies with the terms of the court order. (CPLR 2501, subd 2.) Therefore, the court does not enjoy unfettered discretion with respect to disbursing any part of the undertaking. Rather, the statute describes the *498 singular condition upon which the court may order payment of moneys from the undertaking.
Section 471 of the Family Court Act provides in pertinent part: “The court may require the respondent to give to the clerk a written undertaking * * * that the respondent will abide by the order for support. Such undertaking shall be for a definite period * * * In the event that the respondent shall fail to make any payment, when due, within such period, payment shall be made to the petitioner out of such cash. When cash is posted as security, as herein provided, the person or persons so posting such cash shall at the expiration of the period for which such security shall have been ordered be entitled to the return of such cash less any amount which shall have been paid therefrom to the petitioner”. (Emphasis added.)
It is apparent that petitioner may receive payment from the fund only upon each default and only in the amount of such default. (Family Ct Act, §§471, 474.)
The applicable sections of the CPLR pertaining to undertakings must also be examined. (Family Ct Act, § 165, subd [a].) Article 26 of the CPLR applies to undertakings, which are payments of money into court. (2A Weinstein-Korn-Miller, NY Civ Prac, par 2601.06.) CPLR 2607, entitled “Payment of property paid into court”, states: “No property paid into court, *** shall be paid out except upon order of the court”. CPLR 2607 does not carve out any exception permitting invasion of the undertaking by its beneficiary. (World Steel Prods. Corp. v Ogden Gardens, 120 NYS2d 553.) Perforce, it would appear that the undertaking is immune from execution by the petitioner or any other person.
Harmonizing the foregoing statutes leads this court to conclude that an undertaking posted pursuant to section 471 of the Family Court Act must be kept intact except for payments made therefrom to the petitioner to indemnify her for respondent’s default under the support order.
The respondent is statutorily assured of the refund of the full balance of his money at the expiration of the period of the undertaking. The court is not empowered to diminish the fund for any purpose other than to compensate the *499 petitioner for any defaults occurring subsequent to the creation of the undertaking.
Accordingly, petitioner’s motion to satisfy her judgment for arrears out of the undertaking is denied.